382 So.2d 1246 (1980)
Richard MADDALENA, d/b/a a Touch of Class Steam Carpet Cleaning, Appellant,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, a New York Corporation Authorized to Do Business in Florida, Appellee.
No. 78-2316.
District Court of Appeal of Florida, Fourth District.
April 2, 1980.
Rehearing Denied May 19, 1980.
*1247 Theodore K. Egner, Ft. Lauderdale, for appellant.
Harry S. Raleigh, Jr., of McCune, Hiassen, Crum, Ferris & Gardner, Ft. Lauderdale, for appellee.
HERSEY, Judge.
This is an appeal from a final judgment of dismissal based upon lack of jurisdiction. The trial court found that appellant's damages would be limited to an amount which does not reach the jurisdictional threshold of the circuit court.
While the record discloses that some of the elements of damage may be speculative and other elements may be difficult of proof, the extent of damages alleged could exceed $2,500.00. We therefore reverse.
No testimony was taken in the lower court since the hearing on the motion to dismiss preceded a trial. Accordingly, we rely on the pleadings and the briefs for the factual background.
Until April of 1976, appellant, Richard Maddalena, doing business as "A touch of Class Steam Carpet Cleaning," had a place of business in Pompano Beach. His telephone service included advertising in the white pages of the Pompano Beach telephone directory, published by appellee. Sometime in April of 1976 appellant moved his business to Fort Lauderdale, and he was therefore assigned a new telephone number. Simultaneously, appellant was provided by appellee with "a reference of calls" service. The purpose of this service is to advise callers of a changed or new telephone number. The service was cancelled by appellee without notice to appellant in June of 1976.
In October of 1976 the new Pompano Beach telephone directory was distributed. This directory contained appellant's correct Fort Lauderdale telephone number in plain type and his former number in bold type. This was admittedly an error caused by appellee, as a result of which appellee reinstated the "reference of calls" service. In May of 1977 this service was again cancelled without notice to appellant.
In September of 1977 the new Pompano Beach telephone directory was distributed and the listing error appeared for the second time.
The complaint alleges that appellee was negligent, not only for continuing the erroneous listing but also for failing to provide "reference of calls" service in order to minimize appellant's damages resulting from the double error. Appellant further alleges that appellee assigned appellant's Pompano *1248 Beach number to a new subscriber during the interim, compounding his damages.
The motion to dismiss was based upon the premise that appellant's damages are narrowly circumscribed by either one of two documents. The first is the general subscriber's services tariff, which is the tariff agreement between the Florida Public Service Commission and the state's telephone companies, and which has the force of law. The applicable provision of the tariff is as follows:
Liability of the company for damages arising out of impairment of service provided to its subscribers such as defects or failures in facilities furnished by the company or mistakes, omissions, interruptions, delays, errors or defects in the provision of its services set forth herein or any portion of its services, occurring in the course of furnishing such facilities or services, and not caused by the negligence of the subscriber, or of the company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision shall, in no event exceed an amount equivalent to the proportionate charge to the subscriber for the period of service during which such mistake, omission, interruption, delay, error or defect in transmission or defect or failure in facilities or services occurs. (Section A2.5.1. of the General Subscribers Service Tariff.)
In our view, reliance on the tariff as a limitation of liability in this instance is misplaced. The quoted portion provides for a limitation of liability for errors or omissions "... not caused by the negligence of the subscriber, or of the company failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision... ." The complaint on its face alleges both acts and omissions by agents of appellee which, if proven, would seem to show a failure to maintain proper standards of operation or, at the very least, the lack of reasonable supervision. We accordingly hold that the tariff is not an effective limitation of liability in this case.
As an alternative limitation of liability appellee relies on the directory advertising order entered into between the parties and specifically paragraph six of that order which provides:
The Telephone Company's liability on account of errors in or omission of such advertising shall in no event exceed the amount of charge for the advertising which was omitted or in which the error occurred in the then current directory issue and such liability shall be discharged by an abatement of the charges for the particular listing or advertisement in which the omission or error occurred.
It is true that one of the negligent acts complained of was the inappropriate printing in bold face of appellant's abandoned phone number. Repetition of the same error for two succeeding years might well justify a finding that the second printing does not come within the contractual exception. More important, the acts complained of are not merely the erroneous listing, but also unilateral termination on two occasions of the "reference of calls" service and the assignment of appellant's former telephone number to another subscriber while the number was listed as appellant's. These actions clearly fall outside the scope of the exception. The compounding effect of the successive acts may in fact amount to gross negligence. If the proximate cause of the damage allegedly sustained by appellant is the negligent action of appellee rather than the listing itself, then this limitation of liability is clearly not available to appellee as a legal defense.
Having determined that no effective limitation arises from either of the written provisions relied upon by appellee on the record before this court, it follows that the amount of damages will be effectively limited only by appellant's ability to prove them and to show a causal relationship. The action was therefore appropriately brought in the Circuit Court because the amount in controversy insofar as the pleadings show exceeds $2,500.00.
*1249 During the course of the proceedings, appellant filed an action in the County Court seeking damages for the period of time from June of 1978 to October of 1978. The final judgment of dismissal in that court was specifically based upon a determination by the court "that the plaintiff was unable to present evidence as to his damages." That judgment does not constitute res judicata as to the present action. It does, however, furnish the basis for an estoppel by judgment precluding appellant from recovering damages in this litigation for the period placed in issue by the pleadings in the County Court and determined by the final judgment.
We therefore reverse and remand the cause to the Circuit Court for further proceedings not inconsistent with the foregoing determinations.
REVERSED AND REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.