JOHN CANNON AGENCY v MICHIGAN BELL TELEPHONE
COMPANY

Docket No. 52283. Submitted April 21, 1981, at Detroit.—Decided
    May 28, 1981.

    The John Cannon Agency filed suit against Michigan Bell Tele-
    phone Company in Oakland Circuit Court alleging that Bell
    changed plaintiff's telephone number and promised to inform
    callers dialing the old number of the new number. Defendant
    failed to do so and, instead, gave callers the number of a
    different party, which told callers that no Mr. Cannon was
    there. Plaintiff allegedly suffered losses to its business as a
    result. The trial court, John William Beer, J., granted defen-
    dant's motion for summary judgment as to damages in excess
    of defendant's limited liability for negligence in providing
    telephone service as provided by a Michigan Public Service
    Commission tariff on the ground that plaintiff failed to state a
    claim upon which relief could be granted. Plaintiff appealed.
    *Held:*

        1. Plaintiff's claim is not so clearly unenforceable as a matter
    of law that no factual development can possibly justify a right
    to recovery. The trial court based its decision on an incorrect
    interpretation of the tariff. That interpretation would preclude
    liability on the part of defendant for damages from all negli-
    gent provision of service, impliedly including negligence stem-
    ming from failure to maintain proper standards of maintenance
    and operation and failure to exercise reasonable supervision.
    The tariff limits liability to defendant's negligence in providing
    telephone service, except where the negligence is in failing to
    maintain proper standards of maintenance and operation and
    to exercise reasonable supervision. Under the circumstances,
    the reasons for the alleged negligent provision of service might
    not become clear until plaintiff has engaged in discovery.
    Therefore, the cause must be remanded to the lower court. If
    after discovery plaintiff does not find grounds to amend its

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230 *et seq.*
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 146.
    57 Am Jur 2d, Negligence § 23.

complaint to include a claim that defendant was negligent by failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision, the grant of summary judgment shall be affirmed.

2. Plaintiff's contention that the limitations on liability contained in a tariff approved by the Public Service Commission do not apply to a court action alleging negligence is rejected. Plaintiff's claim, although phrased in tort, is clearly based upon the contractual obligation of the parties.

Remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES — APPEAL.

A motion for summary judgment for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone; a reviewing court is to accept as true the well-pleaded facts in the plaintiff's complaint and to determine whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. PUBLIC UTILITIES — NEGLIGENCE — IMMUNITY — PUBLIC SERVICE COMMISSION — TARIFFS.

Provisions of a Public Service Commission tariff limiting a public utility's liability for negligence are usually upheld so long as the provisions do not purport to grant immunity or limit liability for gross negligence.

*Counard, Kevelighan & Van Houten, P.C.* (by *D. Lawrence Kevelighan*), for plaintiff.

*F. L. Wyckoff,* for defendant.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

PER CURIAM. Plaintiff appeals as of right the grant of defendant's motion for summary judgment for failure to state a claim.

In its complaint, plaintiff alleged that defendant changed plaintiff's telephone number and promised to inform callers dialing the old number of the new number. Defendant failed to do so and,

instead, gave callers the number of a different party. That party told callers that no Mr. Cannon was there. As a result, plaintiff allegedly suffered losses in its business.

A motion based on GCR 1963, 117.2(1) challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. The job of a reviewing court is to accept as true the well-pleaded facts in the plaintiff's complaint and determine whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Ready v Clark Equipment Co,* 91 Mich App 474, 478; 283 NW2d 650 (1979), *lv den* 407 Mich 888 (1979).

The lower court granted summary judgment, holding that defendant's liability was limited by the following tariff approved by the Michigan Public Service Commission:

"2. The liability of the Telephone Company for damages arising out of mistakes, omissions, interruptions, delays, errors or defects in transmission, or failures or defects in facilities furnished by the Telephone Company, occurring in the course of furnishing service or other facilities and not caused by the negligence of the customer, or of the Telephone Company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision shall in no event exceed an amount equivalent to the proportionate charge to the customer for the period of service during which such mistake, omission, interruption, delay or error or defect in transmission, or failure or defect in facilities occurs. Tariff MPSC No 7, third revised sheet, effective December 15, 1970."

The grant of summary judgment and the present appeal concern only those damages in excess of the limitation on liability contained in the tariff.

Plaintiff first argues that the phrase in the tariff "not caused by the negligence of the customer, or of the Telephone Company" precludes application of the tariff to a claim based on negligence. We do not agree. The tariff applies to defendant's negligence in providing telephone service, except where the negligence is in "failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision".

In its motion for summary judgment, defendant argued that the tariff precluded liability for damages from all negligent provision of service, impliedly including negligence stemming from failure to maintain proper standards of maintenance and operation and failure to exercise reasonable supervision. The lower court's grant of the motion for summary judgment was based on this incorrect interpretation of the tariff. We cannot presume that plaintiff would not have amended its complaint had the lower court interpreted the tariff correctly. Plaintiff's claim is not so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.

Under the circumstances, the reasons for the alleged negligent provision of service might not become clear until plaintiff has engaged in discovery. For that reason, the cause must be remanded to the lower court. If after discovery plaintiff does not find grounds to amend its complaint to include a claim that defendant was negligent by failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision, the grant of summary judgment shall be affirmed.

Plaintiff's second argument on appeal is that the limitations on liability contained in a tariff approved by the Public Service Commission do not apply to a court action alleging negligence. In

*Valentine v Michigan Bell Telephone Co,* 388 Mich 19, 26; 199 NW2d 182 (1972), the Supreme Court stated:

"the code or tariff is part of the contract between the parties and limits of liability therein contained are presumptively valid. Any claim based upon the contractual obligation of the parties is limited to validly promulgated provisions of the tariff or code within the authority of the Public Service Commission."

Plaintiff's claim, although phrased in tort, is clearly one which is based upon the contractual obligations of the parties. The only duty alleged in plaintiff's complaint is based upon defendant's promise to inform persons who dialed plaintiff's old telephone number of plaintiff's new telephone number. Plaintiff's argument must be rejected on the authority of *Valentine, supra.*

Courts in other jurisdictions have been virtually unanimous in upholding provisions limiting a public utility's liability for negligence so long as the provisions do not purport to grant immunity or limit liability for gross negligence. *Garrison v Pacific Northwest Bell,* 45 Or App 523, 531; 608 P2d 1206, 1211 (1980).

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.