459 So.2d 1223 (1984)
ANGELO PAVONE ENTERPRISES, INC., Angelo J. Pavone, Jr. and Barbara A. Pavone
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY and American Telephone and Telegraph.
No. CA-1959.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
Writ Granted January 14, 1985.
*1225 Raymond C. Burkart, Jr., New Orleans, for plaintiffs/appellees.
Warren M. Schultz, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant/appellant.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
South Central Bell (appellant) seeks reversal of a judgment of the lower court which found it negligent in the maintenance and operation of the phone service provided Angelo Pavone Enterprises, Inc., Angelo J. Pavone, Jr. and Barbara A. Pavone (referred to collectively as Pavone). The trial court awarded Pavone $25,000.00 in damages for alleged lost profits and expansion expenses. The issues dispositive of this appeal are: (1) the applicability of the tariffs filed with the Louisiana Public Service Commission which purport to regulate appellant, and (2) the liability of defendant if it failed to comply with the tariff.
Pavone has been in the haircutting business since the early 1970's. In 1978 they moved their business to larger quarters. This required a change in telephone service which occurred in April of 1978. The service at the new location consisted of two telephones with two separate numbers which were not on a rotary system.
In June of 1980 the Pavones and appellants settled a lawsuit which was the result of alleged faulty service. From June of 1980 thru November of 1980 no complaints of faulty phone service were made by the Pavones. However on November 7, 1980 renewed dissatisfaction with the phone service emerged which ultimately resulted in the instant suit. The complaint registered by Barbara Pavone on that date was the first of fourteen complaints made by the Pavones thru April 17, 1981. Appellant's records indicate there were eleven although they only go back to January of 1981.
The trial court limited the damages to the period November 1980 thru April 17, 1981 because of the tariff in effect during that period. Although Pavone argues to the contrary, we agree that the trial court was correct in holding that appellant's responsibility for damages after April 17, 1981 is limited to willful misconduct, which was not proven. However, we disagree with his finding that appellant was negligent prior to that date.
The relevant tariff in effect for the period prior to April 17, 1981, is Section A2.5.1. It provided:
"The liability of the Company for damages arising out of mistakes, omissions, interruptions, delays, errors or defects in transmission, or failures or defects in facilities furnished by the Company, occurring in the course of furnishing service or other facilities and not caused by the negligence of the subscriber, or of the Company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision shall in no event exceed an amount equivalent to the proportionate charge to the subscriber for the period of service during which such mistake, omission, interruption, delay, error or defect in transmission or defect or failure in facilities occurs."[1] *1226 We have no hesitancy in holding that the liability of appellant is governed by the provisions of the above quoted tariff. Appellant is a public utility and is subject to the jurisdiction of the Public Service Commission pursuant to Article 4, Section 21 of the La. Constitution. As such, the Commission is authorized to "... adopt and enforce reasonable rules, regulations and procedures necessary for the discharge of its duties..." La. Const. of 1974 Art. 4, Sec. 21(B). In Peacocks, Inc. v. South Central Bell, 455 So.2d 694 (La.App. 2nd Cir.1984) our brethren of the Second Circuit affirmed the dismissal of South Central Bell on a motion for summary judgment holding that the provisions of the private line tariff limited their liability to responsibility for willful misconduct. The reasoning of the Court in that decision is equally applicable to the case at bar. The Court stated:
"The general public as a whole would bear the burden if unlimited liability is placed upon a public utility for every service it provides to the individual.... We therefore cannot say that a limitation of that liability is unreasonable nor that it violates public policy." Peacocks, supra, p. 698.

See also, Crowley Industrial Bag Co. v. Western Union Co., 204 So.2d 725 (La. App. 3rd Cir.1967), writ refused, 251 La. 859, 206 So.2d 711 (1968) where the tariff filed by Western Union with the Federal Communications Commission was applied to limit their liability. See also, Roll-Up Shutters, Inc. v. South Central Bell, 394 So.2d 796 (La.App. 4th Cir.1981), writ denied 399 So.2d 599 (La.1981).
Having concluded that the tariff is applicable, we now turn to the correctness of the lower court's findings. In his reasons for judgment, the trial court stated:
"For reasons we'll probably never know, plaintiff's phone service for the period in question was wholly inadequate. Though it tried, South Central Bell's efforts to cure must have been inadequate. They are in sole control of the entire system and I cannot believe the problem was indiscoverable or incurable. The conclusion is inescapable that defendant failed to maintain proper standards and operation and failed to exercise reasonable supervision, and is therefore liable."
This Court is of the opinion that the trial court was in error in his application of a strict liability theory to the facts of this case. Clearly the tariff provides for the liability of appellant "... in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision..." The mere proof of faulty phone service is not sufficient.
Liability cannot be imposed without a finding of fault. Under general liability principles fault is a breach of a duty imposed by law or contract. Tripkovich v. Gilbert Engineering Corp., 439 So.2d 1172 (La.App. 4th Cir.1983) Civil Code Articles 2315 thru 2324 provide the various legal duties the breach of which may give rise to fault. Although Loescher v. Parr, 324 So.2d 441 (La.1975) and the subsequent myriad of Article 2317 cases hold a person at fault, and thus responsible for those things "... which we have in our control," we are of the opinion that this court cannot apply those principles to the instant case. This case must be governed by the legal duty imposed upon appellant by the above quoted tariff, and Pavone bears the burden of proving that same was breached. We hold that he did not bear that burden.
A review of the evidence substantiates Pavone's claim of intermittent faulty service from November of 1980 thru April 17, 1981. The Pavones' testimony, as well as that of former customers and employees, makes it clear that at times the phone would not ring in the shop, or that the party calling would get a recording stating the phone was out of order, or that it would ring at another location. However the record is void of any positive proof that appellant breached its legal duty as set out by the tariff. To the contrary, Pavone *1227 admitted that the phone company responded to their various complaints. They argue, however, that because they were unsuccessful in curing the faulty service, they should be liable. We disagree.
Appellant's evidence consisted principally of the testimony of Todd Horton, the dispatch supervisor in the Downtown Mid-City Maintenance Bureau. He had previously served in the capacity of Test Desk Supervisor and was personally familiar with the Pavones' complaints. He first explained in general the methods used by appellant in responding to customer complaints, and then in particular what was done in regards to each and every complaint of Pavone. He testified that due to the nature and frequency of their complaints their case was assigned to a special bureau known as the "Care Bureau" which was designed to give preferential treatment to especially dissatisfied customers. Without going into painstaking detail as to what tests and/or work was performed with respect to each specific complaint lodged by the Pavones, suffice it to state that wires were replaced, cable pairs were changed, telephones were replaced, the switching mechanisms were examined, and wires were replaced. Appellant's response to each and every complaint resulted in the phones again being in working order after their service call.
It is elementary in a negligence action that negligence is not presumed, but that it must be proved by the party alleging it. Starks v. Kelly, 435 So.2d 552 (La.App. 1st Cir.1983). Determinations of negligence must be based on the evidence, and the trier of fact may not indulge in mere possibilities. Brown v. Rudy Smith Service, Inc., 441 So.2d 409 (La.App. 4th Cir.1983). So, too, in the instant case, the court cannot assume that appellant breached the duty owed simply because the phones didn't work at times.
There is adequate evidence in the record to support an interruption of phone service for 15 days prior to April 17, 1981, and 24 days subsequent thereto. The average monthly service between November of 1980 and April of 1981 was $73.02 per month or $2.43 per day. According to the tariffs, Pavone is entitled to $99.77 for interruption of service.
Accordingly, the judgment in favor of Pavone is hereby reversed in so far as it holds appellant negligently liable for $25,000.00 in damages, plus interest, but amended so as to award Pavone the sum of $99.77, plus interest and all costs.
REVERSED IN PART, AMENDED IN PART, AND AS AMENDED AFFIRMED.
NOTES
[1] The tariff in effect after April 17, 1981 provides:

"The Company's liability, if any, for its wilful misconduct is not limited by this tariff. With respect to any other claim or suit, by a customer or by any others, for damages associated with the installation, provision, termination, maintenance, repair, or restoration of service, the Company's liability, if any, shall not exceed an amount equal to the proportionate part of the monthly recurring charge for the service for the period during which the service was affected. This liability shall be in addition to any amounts that may otherwise be due the customer under this tariff as an allowance for interruptions."