DANIEL S. PEARSON, Judge.
In this appeal we must decide the correct interpretation of the tariff which limits the liability of the phone company for service “irregularities.” The interpretation adopted by the trial court is that liability is limited unless it can be shown that the company was guilty of gross negligence or willful misconduct; the interpretation urged by the appellant is that the limitation of liability gives way upon the considerably lesser showing that the company was negligent in failing “to maintain proper standards of maintenance and operation and to exercise reasonable supervision.”
Rich Electronics, Inc., sued Southern Bell Telephone & Telegraph Company, alleging in its complaint that it is a substantial marine electronics dealer, which, as of 1988, was and had been for nearly four decades based in Miami, Florida, one of the world’s largest markets for boats. Although Rich was very much alive and well in Miami in 1983, the White Pages of the Dade County Telephone Directory for that year listed Rich as having only a Fort Lauderdale address, with a toll-free Miami telephone number, giving the impression that the business had moved from Miami. The complaint went on to assert that this listing error was caused by Southern Bell’s failure to maintain proper standards or reasonable supervision in the publication of the White Pages Directory and that Rich’s business was severely damaged by it. Southern Bell raised as an affirmative defense to the complaint the limitation of liability contained in the General Subscriber Service Tariff filed with the Public Service Commission. In pertinent part, the tariff reads:
“A. 2.5 Liability of the Company
“A.2.5.1 Service Irregularities
“The liability of the Company for damages arising out of impairment of service provided to its subscribers such as defects or failure in facilities furnished by the Company or mistakes, omissions, interruptions, delays, errors or defects in the provision of its services set forth herein or any portion of its services, occurring in the course of furnishing such facilities or services and not caused by the negligence of the subscriber, or of the Company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision, shall in no event exceed an amount equivalent to the proportionate charge to the subscriber for the period of service during which such mistake, omission, interruption, delay, error or defect in transmission or defect or failure in facilities or services occurs.” (emphasis supplied).
The trial court agreed with Southern Bell that in order to be entitled to damages in excess of “an amount equivalent to the proportionate charge to the subscriber”— the limit of liability under the tariff — Rich *672 was required to allege and prove that Southern Bell was guilty of gross negligence or willful misconduct. Finding no such allegations and no potential for any, the trial court accepted Southern Bell’s proposal that judgment be entered against it in the amount as limited by the tariff.[1],[2] We reverse.
From the well-established but unremarkable proposition that a limitation on the liability of a public utility may not shelter the utility from liability for gross negligence or willful misconduct, see, e.g., Garrison v. Pacific Northwest Bell, 45 Or.App. 523, 608 P.2d 1206 (1980); John Cannon Agency v. Michigan Bell Telephone Co., 128 Mich.App. 472, 341 N.W.2d 115 (1981), it does not follow, as Southern Bell seemingly believes, that a limitation on the liability of a public utility must shelter the utility from liability for less than gross negligence or willful misconduct. It is this latter notion which apparently leads Southern Bell to urge us to read the tariff in the following manner:
“The liability of the Company for damages ... in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision ... shall in no event exceed an amount equivalent to the proportionate charge to the subscriber....”
We unhesitatingly reject the reading of the tariff suggested by Southern Bell. First, it ignores the rule that a relative or qualifying phrase is to be construed as referring to its nearest antecedent. Kirksey v. State, 433 So.2d 1236 (Fla. 1st DCA 1983); Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983); Wright & Seaton, Inc. v. Prescott, 420 So.2d 623 (Fla. 4th DCA 1982). This rule requires that the phrase, “in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision,” refer to its nearest antecedent, that is, the phrase, “not caused by the negligence ... of the Company.” Second, the phone company’s suggested reading makes redundant the phrase, “of the Company,” when it next appears in the tariff. Third, the phone company’s interpretation does not, as it must, give meaning to all provisions of the tariff. Why would the tariff — having limited at the outset the company’s liability for damages caused by ordinary negligence— needlessly go on to limit the company’s liability for damages caused by specific acts of negligence, namely, the failure to maintain proper standards of maintenance and operation and to exercise reasonable supervision ?
We have no difficulty in concluding then that the correct reading of the tariff is:
“The liability of the Company for damages ... not caused by the negligence of the subscriber, or of the Company in failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision ... shall in no event exceed an amount equivalent to *673 the proportionate charge to the subscriber....”
All other courts which have construed the identical or nearly identical tariffs agree. In Maddalena v. Southern Bell Telephone & Telegraph Co., 382 So.2d 1246 (Fla. 4th DCA 1980), the court held that the limitation of liability contained in the tariff did not apply where the subscriber alleged that the company failed to maintain proper standards and exercise reasonable supervision. Said the Fourth District:
“In our view, reliance on the tariff as a limitation of liability in this instance is misplaced. The quoted portion provides for a limitation of liability for errors or omissions ‘... not caused by the negligence of the subscriber, or of the company [in] failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision_’ The complaint on its face alleges both acts and omissions by agents of appellee which, if proven, would seem to show a failure to maintain proper standards of operation or, at the very least, the lack of reasonable supervision. We accordingly hold that the tariff is not an effective limitation of liability in this case.”
Id. at 1248.
Likewise, in John Cannon Agency v. Michigan Bell Telephone Co., 128 Mich. App. 472, —, 341 N.W.2d 115, 116 (1981), the court construed an identical tariff as limiting the utility’s liability on a claim based on the utility’s negligence “except where the negligence is in ‘failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision.’ ” Because the lower court’s summary judgment for the phone company impliedly and incorrectly precluded the plaintiff-subscriber from alleging and proving negligence “stemming from failure to maintain proper standards of maintenance and operation and failure to exercise reasonable supervision,” id., the court reversed to allow the plaintiff to thus amend its complaint.
Again, construing tariffs identical to the one in the present case, the district court in Pilot Industries v. Southern Bell Telephone & Telegraph Co., 495 F.Supp. 356, 360 (D.S.C.1979), concluded that “[u]nder the terms of the tariff, the defendant’s liability for service interruption is limited unless the claimant can show that it failed to ‘maintain proper standards of maintenance and operation’ or that the company failed to ‘exercise reasonable supervision.’ ” Because the court found that the plaintiff had nowhere asserted such claims, it entered judgment for Southern Bell, limiting its liability in accordance with the tariff.
Finally, in Angelo Pavone Enterprises v. South Central Bell Telephone Co., 459 So.2d 1223, 1226 (La.App.1984), the court— although disagreeing with the trial court that the mere proof of faulty phone services is sufficient to render the company liable for failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision — agreed that the tariff (identical to the one in the present case) provides for liability of the phone company where these failures are shown.
In light of these clear and uniform holdings that a phone company’s liability is not limited by the tariff when the phone company fails to maintain proper standards of maintenance and operation and to exercise reasonable supervision, we anticipated that at least one of the cases called to our attention by Southern Bell would take a different view of the tariff and support the company’s argument that it had limited liability in all cases of ordinary negligence, including the negligent failure to maintain proper standards of maintenance and operation and to exercise reasonable supervision. Our examination of the cases relied upon by Southern Bell tells us that we expected too much.[3]
*674 For the reasons given, we conclude that the tariff will limit the phone company’s liability when the phone company has put into effect and maintains reasonable procedures and safeguards to guard against errors and omissions in directory listings. Damages which result from a mere negligent failure to adhere to these procedures are subject to the tariff’s limitation, but where, as here, it may be shown that there are no such procedures, there is no limitation of liability. The judgment under review is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.

. Ordinarily, the trial court’s construction of the tariff would have resulted in a ruling striking the plaintiffs' prayer for damages beyond that allowed by the tariff or entering partial summary judgment or judgment on the pleadings for Southern Bell as to the plaintiffs’ claim in excess of the damages allowed by the tariff. However, Southern Bell — conceding the existence of the errors and omissions alleged in the plaintiffs' complaint — proposed the entry of a consent judgment against it in the amount the tariff would allow. Thus, all judicial labor having ended, we review this final appealable order.

. Rich suggests that the discovery taken before its case was aborted showed that Southern Bell was guilty of gross negligence and that it could have amended its complaint to allege this. According to Rich, the discovery revealed, inter alia, that the White Pages Directory — unlike the Yellow Pages Directory — is not a money-maker for the phone company; therefore, Southern Bell limits its training of new directory clerks to procedures insuring the accuracy of the Yellow Pages only; Yellow Pages listings are "proofread” five or six times, while there are no double-checks on the accuracy of the White Pages. Southern Bell’s consent to the entry of judgment against it, see supra note 1, conceded only that there was an error in Rich’s listing, not that it was caused by Southern Bell’s failure to maintain proper standards of maintenance and operation and to exercise reasonable supervision, much less its gross negligence. Because we decide that Rich need not show that Southern Bell was grossly negligent in order to recover damages beyond the limitation of the tariff, we do not address Rich’s alternative contention that the trial court should have given it leave to amend its complaint before accepting Southern Bell’s "consent judgment.”

. We address these cases only briefly, since they are so obviously inapposite. In Garrison v. Pacific Northwest Belt, 45 Or.App. 523, 608 P.2d 1206 (1980), the limitation of liability in question, unlike the one in the present case, contained no exception for the company’s failure to maintain proper standards and to exercise reasonable supervision. Instead, the limitation— specifically relating to erroneous or omitted directory listings — contained only the language of *674 limitation, that is, that the company would be liable for errors and omissions in telephone directory listings in amounts not in excess of the charges made for the service or listing. Similarly, in Behrend v. Bell Telephone Co., 242 Pa.Super. 47, 363 A.2d 1152 (1976), vacated on other grounds, 473 Pa. 320, 374 A.2d 536 (1977), on remand, 257 Pa.Super. 35, 390 A.2d 233 (1978), the court addressed a different tariff, one which limited the liability of the company on account of errors in or omissions from its directories. The case presented no issue concerning the construction of the language of the tariff in the present case. Again, Peacock’s, Inc. v. South Central Bell, 455 So.2d 694 (La.App. 1984), involved a tariff that expressly limited the company’s liability except in cases of willful misconduct.
Neither Landrum v. Florida Power & Light Co., 505 So.2d 552 (Fla. 3d DCA 1987), nor Electronic Security Systems Corp. v. Southern Bell Telephone and Telegraph Co., 482 So.2d 518 (Fla. 3d DCA 1986), have anything to do with the tariff in question. Landrum involved an entirely different tariff which immunized the power company from liability from ordinary negligence. Electronic involved a claim under the contract between a Yellow Pages subscriber and the company and has nothing whatever to do with the tariff in question or any other tariff.
Lastly, Southern Bell refers us to two cases in which the tariff was the same as in the present case. In Southern Bell Telephone & Telegraph Co. v. Invenchek, Inc., 130 Ga.App. 798, 204 S.E.2d 457 (1974), the subscriber’s claim had nothing to do with the meaning of the words contained in the tariff. Rather, the subscriber made a frontal attack on the power of the public service commission to limit the liability of the utility to any extent. Again, in Southwestern Bell Telephone Co. v. Rucker, 537 S.W.2d 326 (Tex.Civ.App.1976), the plaintiff’s claim had nothing to do with "failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision” or the meaning of those words, but rather was one alleging negligence of company employees. We acknowledge that the Texas court cryptically states: “The only exception to the rule seems to be where the conduct of the utility company has been willful and wanton or the result of gross negligence.” Id. at 331-32. If the "rule” means the language of the tariff itself, then, obviously, willful and wanton misconduct or gross negligence is not mentioned and can be considered an exception. This, however, begs the question presented here — what is within the rule, that is, within the tariff. As we have already explained in detail, "the rule” in the present case includes that the company may be liable to a subscriber for failing to maintain proper standards of maintenance and operation and to exercise reasonable supervision.