PER CURIAM.
Subsequent to this court’s opinion and decision reported in Rich Electronics, Inc. v. Southern Bell Telephone & Telegraph Company, 523 So.2d 670 (Fla. 3d DCA 1988), the matter recurred in the trial court upon Southern Bell’s motion for summary judgment setting forth that the plaintiff’s claim was limited to economic damages or loss of profits, and therefore such was not recoverable in a negligence context. The trial court agreed and granted summary judgment. This appeal ensued. Although the prior opinion in this matter, Rich Electronics, Inc. v. Southern Bell Telephone & Telegraph Company, supra held that the public utility tariff may not limit damages sounding in tort under certain circumstances,[1] any such recovery would have to be tempered by the normal restrictions of the law in this state. Such damages are limited to those relating to property or person and the prior opinion, Rich Electronics, Inc. v. Southern Bell Telephone & Telegraph Company, supra, is not to be read as creating a cause of action sounding in negligence for economic loss or loss of profits. See and compare AFM Corporation v. Southern Bell Telephone & Telegraph Company, 515 So.2d 180 (Fla.1987); Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So.2d 899 (Fla.1987); Belle Plaza Condominium Association, Inc. v. B.C.E. Development, Inc., 543 So.2d 239 (Fla. 3d DCA 1989); GAF Corporation v. Zack Company, 445 So.2d 350 (Fla.3d DCA 1984).
Therefore, the summary judgment under review is affirmed.
Affirmed.

. "For the reasons given, we conclude that the tariff will limit the phone company’s liability when the phone company has put into effect and maintains reasonable procedures and safeguards to guard against errors and omissions in directory listings. Damages which result from a mere negligent failure to adhere to these procedures are subject to the tariffs limitation, but where, as here, it may be shown that there are no such procedures, there is no limitation of liability.”