Dear Mr. Hicks:
You ask substantially the following question:
Does section 401.30, Florida Statutes, permit an emergency medical services transportation licensee to release records of emergency calls which include the patient's name, address and pertinent medical information to a local law enforcement agency that does not provide regulatory or supervisory responsibility over the emergency medical services licensee?[1]
Part III, Chapter 401, Florida Statutes, the "Raymond H. Alexander, M.D., Emergency Medical Transportation Services Act,"[2] addresses the provision of medical transportation services.[3] Section 401.30, Florida Statutes, contains provisions relating to the treatment of records of those entities licensed to act under this part. A "[l]icensee" is defined to mean "any basic life support service, advanced life support service, or air ambulance service licensed pursuant to this part."[4]
Each licensee is required to maintain accurate records of emergency calls on forms that contain information prescribed by the Department of Health.[5] These records must be available to be inspected by agents of the Department of Health at any reasonable time and copies of these records must be furnished to the department as requested.[6] Pursuant to the statute, reports containing statistical data are public records "except that the names of patients and other patient-identifying information contained in such reports are confidential and exempt from the provisions of s. 119.07(1)."[7]
Section 401.30(4), Florida Statutes, makes specific provision for records of emergency calls:
"Records of emergency calls which contain patient examination or treatment information are confidential and exempt from the provisions of s. 119.07(1) and may not be disclosed without the consent of the person to whom they pertain, but appropriate limited disclosure may be made without such consent:
(a) To the person's guardian, to the next of kin if the person is deceased, or to a parent if the person is a minor;
(b) To hospital personnel for use in conjunction with the treatment of the patient;
(c) To the department;
(d) To the service medical director;
(e) For use in a critical stress debriefing. Any such discussions during a critical incident stress debriefing shall be considered privileged communication under s. 90.503;
(f) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records, to the patient or his or her legal representative; or
(g) To a local trauma agency or a regional trauma agency, or a panel or committee assembled by such an agency to assist the agency in performing quality assurance activities in accordance with a plan approved under s. 395.401. Records obtained under this paragraph are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution."
This subsection does not prohibit the department or a licensee from providing information to any law enforcement agency or any other regulatory agency responsible for the regulation or supervision of emergency medical services and personnel. (e.s.)
While the above subsection recognizes the sensitive nature of medical records, the statute authorizes access to specified individuals and entities without the patient's consent. Section 401.30(4), Florida Statutes, clearly provides that the subsection, which makes emergency call records containing patient examination or treatment information confidential and exempt from disclosure without the patient's consent, does not prohibit a licensee from providing information to any law enforcement agency.[8]
The statute does not limit the release of such information to only those law enforcement agencies that may have some regulatory or supervisory authority over the licensee and this office does not have the authority to read such words of limitation into the statute.[9]
Accordingly, I am of the opinion that section 401.30(4), Florida Statutes, permits an emergency medical services transportation licensee to release records of emergency calls which include the patient's name, address, and pertinent medical information to a local law enforcement agency that does not provide regulatory or supervisory responsibility over the emergency medical services licensee.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] Your inquiry concerns the interpretation of s. 401.30(4), Fla. Stat.; no comment is expressed herein regarding the applicability of any provision under federal law.
[2] Section 401.2101, Fla. Stat.
[3] See s. 401.211, Fla. Stat. And see s. 401.25(1), Fla. Stat., requiring licensure of every person, firm, corporation, association, or governmental entity owning or acting as agent for the owner of any business providing prehospital or interfacility advanced life support services or basic life support transportation services.
[4] Section 401.23(13), Fla. Stat.
[5] Section 401.30(1), Fla. Stat.
[6] Id.
[7] Section 401.30(3), Fla. Stat.
[8] See generally Webster's Third New International DictionaryAny p. 97 (unabridged ed. 1981) ("one indifferently out of more than two: one or some indiscriminately of whatever kind"); Black's Law Dictionary Any p. 120 (4th rev. ed. 1968) ("Some; one out of many; an indefinite number . . . [o]ne indiscriminately of whatever kind or quantity . . . `Any' does not necessarily mean only one person, but may have reference to more than one or to many").
[9] See, e.g., City of St. Petersburg v. Nasworthy, 751 So. 2d 772
(Fla. 1st DCA 2000) (under doctrine of last antecedent, phrase "not to exceed the maximum weekly benefit under s. 440.12" was intended to refer to the immediately preceding phrase, "the employee's average weekly temporary total disability benefit" and not to more remote phrase "[i]mpairment income benefits"); Rich Electronics, Inc v. Southern BellTelephone Telegraph Company, 523 So. 2d 670 (Fla. 3d DCA 1988),appeal after remand, 548 So. 2d 1153 (Fla. 3d DCA 1989), reviewdenied, 560 So. 2d 234 (Fla. 1990) (relative or qualifying phrase is to be construed as referring to its nearest antecedent); Ops. Att'y Gen. Fla. 87-08 and 85-74 (under doctrine of last antecedent, relative and qualifying words and phrases are to be applied to the word or phrase immediately preceding).
fn10 See, e.g., Ops. Att'y Gen. Fla. 82-80 (1982) (Attorney General is not free to add words to a statute to support a conclusion that the plain wording of the statute does not supply); 94-09 (1994); 87-43 (1987); 86-32 (1986); and 82-20 (1982). And see In re Order onProsecution of Criminal Appeals by Tenth Judicial Circuit PublicDefender, 561 So. 2d 1130 (Fla. 1990) (court in construing a statute cannot invoke a limitation or add words to a statute not placed there by the Legislature); Nationwide Mutual Fire Insurance Co. v. SoutheastDiagnostics, Inc., 766 So. 2d 229 (Fla. 4th DCA 2000) (if statute is clear and unambiguous, court is not free to add words to steer it to a meaning which its plain wording does not supply and court is not free to edit statutes or to add requirements that the Legislature did not include).